IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JALEEL COURNEY, M28472, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-03788-SMY |
| ) | |
| ANOTHY WILLS, ) | |
| LA'TOYA HUGHES, ) | |
| KELLY PIERCE, ) | |
| MOLDENHAUER, ) | |
| SARA McCLURE, ) | |
| CONNIE DOLCE, ) | |
| HOUSE, ) | |
| KEMPFER, ) | |
| ZACK CONNER, ) | |
| I/A SUPERVISOR JOHN DOE 1, ) | |
| and C/O JOHN DOE 1-5, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jaleel Courney, an inmate in the custody of the Illinois Department of Corrections (IDOC) and currently incarcerated at Menard Correctional Center, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts claims for constitutional deprivations stemming from the defendants' alleged use of excessive force against him at Menard. (Doc. 1). Plaintiff's Complaint must be screened under 28 U.S.C. § 1915A, which requires the dismissal of any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b).

1

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, p. 9): Plaintiff was assaulted by the following correctional officers on or around April 12, 2023: C/O Zack Conner and C/O John Doe 1-5. *Id*. at ¶¶ 9-14. Conner entered Plaintiff's cell and used his shield to strike the plaintiff in his back and ribs. Does 1 and 3 then held Plaintiff's hands behind his neck, as Does 2, 3, and 4 took turns striking him in the face until he lost consciousness. When he awakened, Doe 5 sprayed him with mace and kicked him in the face until he lost consciousness again. When he awakened a second time, the same officer kicked him in the back while asking if he "had enough yet." *Id*.

Plaintiff suffered serious injuries to his back, ribs, and teeth. Even so, he was denied medical care. C/O House failed to take Plaintiff to sick call on April 18, 2023. *Id*. at ¶ 7. Plaintiff handed C/O Kempfer an emergency grievance / sick call request on April 28, 2023, and the officer agreed to give it to Nurse Nicole.[1] *Id*. at ¶ 8. Plaintiff did not receive x-rays of his injuries until May 8, 2023 and July 31, 2023. And Nurse Practitioner Moldenhauer failed to read the radiology report or take steps to treat him. *Id*. at ¶ 4.

Plaintiff filed another emergency grievance on or around May 23, 2023. *Id*. at ¶ 1. Warden Wills deemed his situation an emergency but took no steps to provide him with necessary medical care. *Id*. Grievance Officer Sara McClure denied Plaintiff's medical grievances as unsubstantiated without investigating them. *Id*. at ¶ 5. Grievance Officer Kelly Pierce concluded that the related grievance appeals were moot before any action was taken. *Id*. at ¶ 3. Connie Dolce indicated that Plaintiff's medical concerns were resolved on July 27, 2023, when they were not. *Id*. at ¶ 15.

---

[1] Plaintiff does not name this individual as a defendant or bring any claims against her, so the Court will not treat Nurse Nicole as a party. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

Internal Affairs Supervisor John Doe 1 deemed Plaintiff's grievances about the staff assault unsubstantiated because video footage of the incident was unavailable. *Id*. at ¶ 6. And, Acting Director La'Toya Hughes failed to transfer Plaintiff out of the facility to protect him from a future staff assault. *Id*. at ¶ 2. In his request for relief, Plaintiff seeks a transfer for his safety. *Id*. at 10.

### Discussion

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Defendants C/O Conner and C/O Doe 1-5 used excessive force against Plaintiff on April 12, 2023, in violation of the Eighth Amendment.
>
> Count 2: Defendants Acting Director Hughes and I.A. Supervisor Doe 1 failed to protect Plaintiff from future harm by transferring him out of Menard, in violation of the Eighth Amendment.
>
> Count 3: Defendants responded with deliberate indifference to Plaintiff's serious medical needs when they denied or delayed medical care for those injuries he received on April 12, 2023, in violation of the Eighth Amendment.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Counts 1 and 2

An Eighth Amendment excessive force claim arises when a state actor, such as a prison guard, "use[s] force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The Eighth Amendment is also violated when a prison guard fails to protect a prisoner-plaintiff from the use of excessive force. *Id*.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

With regard to Count 1, the allegations state a claim against the six officers who allegedly assaulted Plaintiff on April 12, 2023. This claim will proceed against C/O Conner and C/O John Doe 1-5, once identified. Count 1 will be dismissed without prejudice against all other defendants.

With regard to Count 2, the Complaint states no claim against Acting Director Hughes, I.A. Supervisor Doe 1, or anyone else for failing to transfer Plaintiff from Menard to protect him. Plaintiff does not describe any threats of future harm from the officers or others following the alleged assault on April 12, 2023. He describes no concerning encounters with the defendants who harmed him or any housing that posed a threat to his safety. This claim cannot proceed based purely on Plaintiff's speculation about future harm.

Additionally, Plaintiff seeks a prison transfer to protect him from harm. The Constitution does not guarantee placement in a particular facility or guarantee an inmate's choice of prisons. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Montanye v. Haymes*, 427 U.S. 236 (1976); *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992). Therefore, Count 2, including the request for a prison transfer based on a fear of future harm, will be dismissed without prejudice for failure to state a claim against any defendants.

**Count 3**

An Eighth Amendment claim may arise from an inmate's denial of medical care. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). To state a colorable claim, a plaintiff must describe a serious medical need and a state actor's deliberate indifference to that condition. *Id*. Plaintiff describes several injuries he sustained to his back, ribs, and teeth from the alleged staff assault on April 12, 2023. He sufficiently alleges deliberate indifference to his serious medical needs against House, Kempfer, and Moldenhauer and also names prison officials who allegedly received numerous emergency grievances or other grievances and took no action to address his immediate

medical needs, including Wills, Pierce, McClure, and Dolce. As such, Count 3 will proceed against House, Kempfer, Moldenhauer, Wills, Pierce, McClure, and Dolce. This claim will be dismissed without prejudice for failure to state a claim against all other defendants.

### Identification of Doe Defendants

Plaintiff will be allowed to proceed with Counts 1 against C/O John Doe 1-5, but these defendants must be identified before service of the Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain the officers' identities. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Warden Wills is already named in his individual capacity and will also be named in his official capacity for purposes of identifying these five officers. Once identified, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A and shall proceed against the below-listed defendants, in their individual capacities, as follows:

- **COUNT 1** will proceed against **C/O ZACK CONNER AND C/O JOHN DOE 1-5 (once identified)**;

- **COUNT 3** will proceed against **C/O KEMPFER, C/O HOUSE, N.P. MOLDENHAUER, ANOTHY WILLS, KELLY PIERCE, SARA McCLURE,** and **CONNIE DOLCE**.

**COUNTS 1** and **3** are **DISMISSED** without prejudice against all other defendants not listed above, and **COUNT 2** is **DISMISSED** without prejudice against **ALL DEFENDANTS** for failure to state a claim for relief. Plaintiff's request for a prison transfer is **DENIED** without prejudice.

**WARDEN WILLS** is **ADDED** as a defendant, in his official capacity only, for purposes of identifying C/O John Doe 1-5.

The Clerk shall prepare for Defendants **ANOTHY WILLS (individual and official**

**capacities), C/O JOHN DOE 1-5 (once identified), C/O ZACK CONNER, C/O KEMPFER, C/O HOUSE, N.P. MOLDENHAUER, KELLY PIERCE, SARA McCLURE,** and **CONNIE DOLCE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**Consistent with the above, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

**DATED:   April 18, 2024**                    *s/ Staci M. Yandle*
                                                **STACI M. YANDLE**
                                                **United States District Judge**

**Notice to Plaintiff**

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.